**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Universal Engraving, Inc., a Kansas corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Metal Magic, Inc., an Arizona corporation, and Charles R. Brown, an individual,<br><br>        Defendants. | No. CV-08-01944-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion To Permit Supplementation of Expert Report (Dkt. # 52). For the reasons set forth below the Court treats the motion as one to modify the Court's previous Scheduling Order in this case, and denies the motion.

Plaintiff seeks to reopen and extend their expert disclosure deadline so that they may supplement their expert's report with an analysis of the information contained on the electronic components of Metal Magic. The expert report that was filed by Universal Engraving in accordance with the scheduling order apparently contained only an analysis of Universal Engraving's Computer files.

Plaintiff claims justification for a modification of the Scheduling Order because, it asserts, Defendants' non-compliance with their discovery obligations made it impossible for Plaintiff's expert to have access to the electronic components necessary to include such an analysis in his report.

| | |
|---|---|
| 1 | At the initiation of discovery in this case, Plaintiff requested electronic discovery from |
| 2 | Metal Magic. Similarly Metal Magic requested access to Plaintiff's electronic components |
| 3 | including its "hard drive, external hard drive, flash drive, CD's or any type of storage |
| 4 | device." Plaintiff initially declined to provide Metal Magic with any such materials. |
| 5 | Similarly, Metal Magic declined to provide Plaintiff with its equivalent electronic |
| 6 | components. Defendants claim to have proposed a mutual exchange of such components as |
| 7 | early as June 2. But, whether or not they did, as late as June 29 Plaintiff declined to provide |
| 8 | their electronic components to Defendants based on their continuing objections. This |
| 9 | resulted in Defendants' continued refusal to provide their electronic components to Plaintiffs. |
| 10 | Although Plaintiff's complete expert reports were due on July 17, and this date was |
| 11 | established after the parties had obtained an earlier extension of the expert report deadline, |
| 12 | Plaintiff neither sought to compel the production of Defendants' electronic components as |
| 13 | necessary to its expert reports, nor did it seek an additional extension of the deadline. On |
| 14 | July 30, Plaintiff shipped the requested electronic components to Defendants, and Defendants |
| 15 | promptly reciprocated. Still Plaintiff made no attempt to modify the Scheduling Order. |
| 16 | More than a month after the deadline for the Plaintiff's expert disclosure had passed, on |
| 17 | August 28, the Court held a discovery conference with the parties at the request of the |
| 18 | Defendants. The Defendants raised with the Court what they viewed as Plaintiff's continued |
| 19 | inappropriate refusal to adequately respond to Defendants' interrogatory requesting that |
| 20 | Plaintiff identify the trade secrets that it alleged Defendants had misappropriated. In the |
| 21 | course of that conference Plaintiff indicated that it intended to provide such information by |
| 22 | conducting an expert analysis of Defendants' electronic components and provide a |
| 23 | supplement to its experts report with such information. Defendants objected and the Court |
| 24 | authorized Plaintiff to file this pending motion. |
| 25 | In considering Plaintiff's motion, the appropriate inquiry is whether, in light of the |
| 26 | circumstances of this case, Plaintiff diligently sought to amend the Scheduling Order. |
| 27 | *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). It did not do so. |
| 28 | Plaintiff contends that Defendants' discovery positions have been unreasonable. After a |

review of the discovery chronology, however, the Court is unable to conclude that Defendants' behavior in discovery has been any worse than Plaintiff's. Further, Plaintiff has the burden of proof. Thus, Plaintiff had the burden of first providing its complete expert reports, with the opportunity to submit an additional rebuttal report addressing any aspect of Defendants' expert report.

If, in fact, Plaintiff had initially contemplated expert reports that included an analysis of the contents of Metal Magic's computer components, it was its obligation to raise Metal Magic's non-compliance prior to the expiration of its deadline so that it could obtain the necessary components. The Court understands why it would be difficult for Universal Engraving to raise such matters to the Court when at that time it, too, was refusing to provide Metal Magic with its own electronic components. At any rate, its failure to timely work out an accommodation with Metal Magic or, failing that, its failure to raise the matter with this Court or seek an extension based on good cause prior to the expiration of the expert disclosure deadline, establishes the lack of diligence on the part of Plaintiff. It is, therefore, not entitled to a modification of the Court's Scheduling Order.

Plaintiffs assert that granting the motion would not prejudice Defendants because discovery is still open in this matter and trial is not set. Further, they assert, Defendants already presumably know what's in their computer files and thus cannot be unfairly surprised by what they contain. Thus, Plaintiff argues, Defendants would not need additional time to conduct additional discovery. This is not accurate. The Defendants at this point will be obliged to evaluate the supplemental report, obtain new expert opinions with respect to it, re-depose Plaintiff's expert and pay other additional legal fees resulting from the necessary extension of other deadlines in this matter necessitated by permitting the supplementation of the expert report. Plaintiff asserts that they will be highly prejudiced by the loss of their proposed supplemental expert testimony. But, it is not clear to the Court that expert testimony is the only way that Plaintiff can establish the Defendants use of Plaintiff's trade secrets if such use exists. As Plaintiff has pointed out, discovery in this matter is still open.

Further, this Court has no intention of preventing Plaintiff from using expert testimony that was prepared and submitted in the time limits of the Court's Scheduling Order.

At any rate, as *Johnson* makes clear, prejudice is not the principal inquiry. While "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." *Id.* at 609. The focus of that inquiry, as *Johnson* demonstrates, is the diligence of the Plaintiffs in timely seeking a modification to the scheduling order. That diligence is lacking. Therefore, Plaintiff has provided no sufficient basis on which the existing Scheduling Order entered pursuant to Fed. R. Civ. P. 16 should be modified.

Plaintiff suggests that failing to allow its expert to supplement his report amounts to a sanction under Fed. R. Civ. P. 37, and thus requires this Court to go through the five factors analysis suggested by *AZ Holding, LLC v. Frederick*, 2009 WL 2432745, *5 (D. Ariz. Aug. 10, 2009). The Court disagrees. This is not an instance in which the Court has imposed any kind of sanction on the Plaintiff. This is an instance in which Plaintiff, after having filed an expert report in compliance with this Court's Rule 16 Scheduling Order, seeks to supplement its report well after the deadline has expired. The Court, in determining that Plaintiff has not met the diligence standard required to modify the Rule 16 Scheduling Order, has declined to modify the Scheduling Order. The analysis then is driven by *Johnson* and Fed. R. Civ. P. 16, not by Fed. R. Civ. P. 37 and the cases interpreting it.

Nevertheless, application of the five factor test suggested in *AZ Holding* does not lead to a different result here. Those factors are: (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

/ / /

In this case the first three factors all weigh in favor of not permitting supplementation. The fourth factor is neutral because, as previously stated, it is not clear to the Court that failing to permit the expert report will prevent the Plaintiff from presenting its case on the merits. It may prove somewhat more burdensome to the Plaintiff, but it is the judgment of the Court that, under the circumstances, such burden is appropriately placed on the Plaintiff.

As to the fifth factor, Plaintiff does not indicate what lesser sanction would be appropriate to impose in this case. The only alternative and appropriate "sanction" of which the Court can conceive is requiring Plaintiff to reimburse Defendant for undertaking the necessary review of Plaintiff's supplemental report, retaking the Plaintiff's expert deposition, paying for a subsequent expert report by the Defendants' expert to address the Plaintiff's supplemental report, and paying whatever other additional expenses might occur due to the necessary prolongation of the trial schedule to accommodate permitting the supplemental report. In the Court's judgment such a sanction might not well be "lesser", it would be overly intrusive, difficult to administer, and administratively cumbersome on both the Court and the parties. Therefore,

**IT IS HEREBY ORDERED** denying Plaintiff's Motion To Permit Supplementation of Expert Report (Dkt. # 52).

DATED this 1st day of October, 2009.

G. Murray Snow
United States District Judge