**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Universal Engraving, Inc., a Kansas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Metal Magic, Inc., an Arizona corporation, and Charles R. Brown, an individual,<br><br>Defendants. | No. CV-08-1944-PHX-GMS<br><br>**ORDER** |

Plaintiff Universal Engraving, Inc. ("UEI") brings a Motion for a New Trial (Doc. 429) and a Motion for Leave to File Supplemental Reply Based on New Evidence (Doc. 447). For the reasons discussed below, UEI's motions will be denied.

**BACKGROUND**

On October 22, 2008, UEI filed suit against Metal Magic, Inc. and Charles Brown ("Defendants") for misappropriation of trade secrets, tortious interference with contract and business expectancies, unfair competition, aiding and abetting breach of fiduciary duty, and more. After the parties conducted a trial, the jury returned a verdict in

Defendants' favor on April 19, 2012.

## DISCUSSION

### I. Motion for Leave to File Supplemental Reply Based on New Evidence

UEI wishes to file a supplemental reply based on new evidence that it asserts is material to its claim of collateral estoppel in its motion for a new trial. (Doc. 447 at 4.) The evidence is found in an engagement letter submitted by Defendants in their motion for attorney fees, in which Defendants' attorneys refer to "the Fred Duarte/UEI Group Matter." (Doc. 428, Ex. 15 at 1.) UEI contends that this evidence shows that Defendants and Fred Duarte were in privity for the purposes of collateral estoppel. However, counsel's characterization of the subject matter of representation in a letter sent at the start of litigation carries little to no weight in determining privity. Thus, UEI's motion for leave is denied.

### II. Motion for New Trial

#### A. Legal Standard

Under Rule 59, a court may grant a new trial to any party "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59. However, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Best W. Int'l, Inc. v. Patel*, CV 04-02307-PHX-JAT, 2008 WL 205286 at \*1 (D. Ariz. Jan. 23, 2008) (internal quotations omitted). "Plaintiff's burden of establishing ground for a new trial is very high." *Id.*

B.  **Discussion**

UEI contends that a new trial is in order for two reasons: (1) the Court erred in forcing UEI to elect between a claim under the Arizona Uniform Trade Secrets Act ("AUTSA") and separate claims for tortious interference, unfair competition, and aiding and abetting breach of fiduciary duty; and (2) the Court erred in refusing to apply collateral estoppel to the issue of Fredrick Duarte's breach of contract, misappropriation of trade secrets, and the value of those trade secrets. (Doc. 429 at 1–2.)

1.  **The AUTSA Displaces UEI's Other Claims, and to the Extent It Does Not, UEI Failed to Present Evidence to Preserve Those Claims at Trial**

The AUTSA expressly "displaces conflicting tort, restitutionary and other laws of this state providing civil remedies for misappropriation of a trade secret." A.R.S. § 44-407 (2012). UEI contends that the Court erred when it found that this provision displaced UEI's common law claims for tortious interference, unfair competition, and aiding and abetting of breach of fiduciary duty.

This Court and the majority of courts that have ruled on the issue hold that the AUTSA "preempts all common law tort claims based on misappropriation of information, whether or not it meets the statutory definition of a trade secret." *Firetrace USA, LLC v. Jesclard*, 800 F. Supp. 2d 1042, 1049–50 (D. Ariz. 2010) (compiling cases with such holdings). Indeed, the statute's purpose of creating uniform standards for liability and eliminating "other tort causes of action founded on allegations of misappropriation" would be undermined if plaintiffs could circumvent the AUTSA by

"dressing up" misappropriation claims as common-law torts. *Id.* at 1048. As the Seventh Circuit stated, "[u]nless defendants misappropriated a (statutory) trade secret, they did no legal wrong." *Composite Marine Propellers, Inc. v. Van Der Woude,* 962 F.2d 1263, 1265 (7th Cir. 1992).

In conformity with all the holdings of the various courts set forth in *Firetrace*, UEI was not entitled to bring any non-AUTSA claims based on a theory of misappropriation of confidential information, regardless of whether the information constituted a "trade secret" under the AUTSA. Nevertheless, UEI argues, and is correct in stating that the AUTSA does not bar claims based on alleged acts other than the misappropriation of information. (Doc. 429 at 4); *Firetrace*, 800 F. Supp. 2d at 1050. However, UEI makes only bald assertions that its claims of unfair competition and aiding and abetting are separate from its misappropriation of information claim. (Doc. 449 at 6, 8.)[1] Such bare allegations do not establish that these were non-AUTSA claims, and thus do not show that prejudicial error was committed when they were barred.

UEI alleges some facts in its motion in support of its claim for tortious interference that, if proven, may constitute acts other than misappropriation. However, UEI was expressly given the opportunity to present these facts and state a case during trial before it elected to drop its tortious interference claim. (Trial Tr. Day 2, pg. 343–44.)

---

[1] With regard to its claim of aiding and abetting breach of fiduciary duty, UEI merely states that Duarte "conducted activities" for Metal Magic while in UEI's employment. It does not allege that these activities were acts other than misappropriating trade secrets. With regard to its claim of unfair competition, UEI states only that its claim is "based, *inter alia*, on the underlying tortious interference with contract." The Court cannot grant a motion for a new trial based solely on such statements.

- 4 -

When the time came for UEI to present its case, it elected to proceed only with its AUTSA claim. (Trial Tr. Day 3, pg. 361.) The moving party's own decisions during trial do not constitute prejudicial error warranting a grant of a new trial. Thus, UEI's motion for a new trial on this ground will be denied.

UEI also claims that a new trial is warranted because it was compelled to give up its non-AUTSA remedies in violation of the Arizona Constitution, which states that "the right of action to recover damages for injuries shall never be abrogated." Ariz. Const. Art. VXIII, § 6. This section prohibits abrogation of causes of action that existed at common law. *Hazine v. Montgomery Elevator Co.,* 176 Ariz. 340, 861 P.2d 625, 633 (1993). This Court has held that misappropriation of information is not a claim that was recognized at common law, and thus is not protected by § 6. *Firetrace*, 800 F. Supp. 2d at 1049.

To the extent that UEI failed to show that its unfair competition and aiding and abetting claims were based on actions other than misappropriation of information, the Court's preclusion of these claims at trial was not in violation of the Arizona Constitution and was not prejudicial error. As for UEI's tortious interference claim, the Court did not prevent UEI from presenting its case at trial; rather, as discussed above, UEI chose to forego it. Again, counsel's decision at trial does not constitute prejudicial error; nor is it unconstitutional. UEI's motion for a new trial on this ground is therefore denied.

**2.     UEI Was Not Entitled to Raise the Kansas Judgment as Collateral Estoppel in the Arizona Trial**

As the Court found in its Order on Summary Judgment in November 2010 (Doc. 240), there were genuine issues of fact regarding whether Metal Magic was in privity

with Duarte, thus rendering the use of the Kansas judgment for collateral estoppel improper. In UEI's Motion for New Trial, it argues again that Metal Magic and Duarte were in privity, and thus that the Kansas judgment should have been admitted to collaterally estop Defendants from litigating the issues of breach of contract, misappropriation of trade secrets, and damages. (Doc. 429 at 9–10.) This argument appears mainly to contest the Court's decision denying UEI's motion for partial summary judgment on the collateral estoppel issue. The proper vehicle for contesting a denial of summary judgment is a motion for reconsideration, which must be brought within fourteen days after the filing of the order at issue. LRCiv. 7.2(g).

UEI's inability to assert collateral estoppel to prevent Defendants from relitigating issues in the Kansas trial was not prejudicial error. UEI was not prevented from putting on evidence to show that Duarte misappropriated trade secrets, that Metal Magic benefitted from that misappropriation, and that UEI was harmed by it. Given the substantial questions of fact that were found regarding the issue of privity in the order on summary judgment, allowing UEI to use the Kansas judgment as collateral estoppel in this case would have been inappropriate. As such, UEI's motion for a new trial on this ground is denied.

## CONCLUSION

UEI has failed to demonstrate that prejudicial error was committed at trial or that substantial justice was prevented. In addition, its purported new evidence is not sufficiently weighty to justify granting leave to file supplemental briefing. Therefore, both of UEI's motions will be denied.

1  ///

2  **IT IS THEREFORE ORDERED** that UEI's Motion for a New Trial (Doc. 429)

3  and Motion for Leave to File Supplemental Reply Based on New Evidence (Doc. 447)

4  are **DENIED**.

5

6  Dated this 21st day of September, 2012.

*[Signature: A. Murray Snow]*
/G. Murray Snow
United States District Judge